UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW B. BURNETT
and JEFFERY R. BURNETT,

        Plaintiffs,

                                                    Case No. 2:11-cv-70
v.                                       HON. GORDON J. QUIST

JOHN FITZGERALD, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Andrew B. Burnett and Jeffery R. Burnett filed this *pro se* civil rights action pursuant to the Americans with Disabilities Act against Defendants Judge John Fitzgerald, Judge Beth Gibson, Judge Dennis Murphy, Chippewa County Clerk Diane Cork, 91st District Court Administrator and ADA Coordinator Ann McKay, Legal Services of Norther Michigan Employee James A. Riggle, Judge Lowell Ulrich, and Legal Services of Northern Michigan Secretary Kristin Stevens. For the reasons set forth below, the undersigned recommends dismissal of Plaintiffs' complaint in its entirety.

Initially, the undersigned notes that Plaintiff Jeffery R. Burnett has filed numerous civil cases in this court over the last ten years. The majority of these cases have been dismissed as frivolous:

1.    *Burnett v. Quist, et al.*, No. 2:97-cv-322 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

2.    *Burnett v. State of Michigan, et al.*, No. 2:97-cv-271 (W.D. Mich. 1997) (dismissed as frivolous on November 24, 1997).

3. *Burnett v. Doctoroff, et al.*, No. 2:97-cv-240 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

4. *Burnett v. Brown, et al.*, No. 2:95-cv-46 (W.D. Mich. 1995) (dismissed as frivolous on March 28, 1995).

5. *Burnett v. McKeague*, No. 2:94-cv-355 (W.D. Mich. 1995) (dismissed as frivolous on March 23, 1995).

6. *Burnett v. Nelson, et al.*, No. 2:94-cv-354 (W.D. Mich. 1995) (dismissed as frivolous and failing to state a claim on February 28, 1995).

7. *Burnett v. Jones, et al.*, No. 2:94-cv-353 (W.D. Mich. 1995) (dismissed as frivolous on February 24, 1995).

8. *Burnett v. Greeley, et al.*, No. 2:94-cv-245 (W.D. Mich. 1994) (dismissed as frivolous on October 13, 1994).

9. *Burnett v. United States, et al.*, No. 2:94-cv-59 (W.D. Mich. 1994) (dismissed as frivolous on May 5, 1994).

10. *Burnett v. Riggle*, No. 2:93-cv-180 (W.D. Mich. 1993) (dismissed as frivolous on October 8, 1993).

11. *Burnett v. Michigan, et al.*, No. 2:93-cv-153 (W.D. Mich. 1993) (dismissed as frivolous on September 14, 1993).

12. *Burnett v. Chippewa County Bar Assoc., et al.*, No. 2:93-cv-152 (W.D. Mich. 1993) (dismissed as frivolous and lacking subject matter jurisdiction on August 23, 1993).

13. *Burnett v. Lake Superior State Univ., et al.*, No. 2:93-cv-119 (W.D. Mich. 1993) (dismissed as failing to state a claim upon which relief may be granted).

14. *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

In addition, summary judgment and/or dismissal was granted to defendants in other cases filed by Plaintiff Jeffery Burnett:

1.  *Burnett v. Mulhauser*, No. 2:97-cv-161 (W.D. Mich. 1997).

2.  *Burnett v. McDonald*, No. 2:97-cv-159 (W.D. Mich. 1997).

3.  *Burnett v. Chippewa County Sheriff, et al.*, No. 2:93-cv-6 (W.D. Mich. 1994).

4.  *Burnett v. Marquette General Hospital*, No. 2:97-cv-166 (W.D. Mich. 1998).

5.  *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

6.  *Burnett v. Judicial Tenure Commission*, No. 2:97-cv-160 (W.D. Mich. 1998).

Finally, the undersigned notes that Plaintiff failed to prosecute at least two of the cases he filed:

1.  *Burnett v. Ulrich, et al.*, No. 2:97-cv-253 (W.D. Mich. 1997) (dismissed for want of prosecution on October 6, 1997).

2.  *Burnett v. Logsdon, et al.*, No. 2:93-mc-5 (W.D. Mich. 1993).

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Initially, the undersigned notes that Plaintiffs' complaint in this case is largely incomprehensible. Plaintiffs appear to be asserting in their complaint that Defendants persecuted them via the state court system for a period of many years. Plaintiff Jeffery Burnett states that he only has two fingers and a thumb on his left hand and that he is left handed. Plaintiff Jeffery Burnett further states that he was not given sufficient time to submit pleadings in the state court, and that his request for an accommodation under the ADA was denied.

The federal courts are courts of limited jurisdiction, and Plaintiffs have the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiffs' claims. A federal district court has no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998). Even constitutional claims which are inextricably intertwined with the state court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998)) (other internal citations omitted); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (under the *Rooker- Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself

violates the loser's federal rights."); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002); *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-93 (6th Cir. 2001); *Patmon*, 224 F.3d at 506-07. A defendant who loses in state court and then sues in federal court is asserting injury at the hands of the state court and his federal suit is making an impermissible attempt to obtain federal collateral review. *Garry v. Gels*, 82 F.3d 1362, 1367-68 (7th Cir.1996); *Stewart v. Fleet Financial Group*, No. 96-2146, 129 F.3d 1265, 1997 WL 705219, *1 (6th Cir. Nov. 4, 1997).

    Plaintiffs' claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the Michigan state courts. *Peterson Novelties*, 305 F.3d at 390. Indeed, the Sixth Circuit previously has found that the *Rooker-Feldman* doctrine bars an action challenging the termination of parental rights in state court proceedings because such an action would be an attempted appeal from a state court decision. *See Bodell v. McDonald*, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb. 7, 2001), *cert. denied*, 121 S. Ct. 2595 (2001); *accord Evans v. Yarbrough*, No. 00-3588, 2001 WL 1871701, at *2 (6th Cir. Dec. 13, 2000) (applying *Rooker-Feldman* to bar review of a decision by the state courts regarding parental visitation), *cert. denied*, 121 S. Ct. 1960 (2001). The recourse available to Plaintiffs in response to adverse state-court decisions was to pursue timely appeals in the Michigan Court of Appeals, thereafter seek leave to appeal to the Michigan Supreme Court, and if necessary apply for a writ of *certiorari* to the United States Supreme Court. *Gottfried*, 142 F.3d at 330 ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").

    Because the *Rooker - Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiffs' case is properly dismissed for lack of subject matter

jurisdiction under the *Rooker-Feldman* doctrine. A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2011