UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW B. BURNETT
and JEFFERY R. BURNETT,

        Plaintiffs,

v.

JOHN FITZGERALD, et al.,

        Defendants.
_____/

Case No.  2:11-CV-70

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiffs, Andrew B. Burnett and Jeffrey R. Burnett, proceeding *pro se*, have sued a number of Defendants alleging claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and other laws.  On March 15, 2011, Magistrate Judge Greeley issued an order granting Plaintiffs leave to proceed *in forma pauperis*.  Magistrate Judge Greeley thereafter screened Plaintiffs' Complaint, as he was authorized to do by 28 U.S.C. § 1915(e)(2), to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings").  On May 31, 2011, Magistrate Judge Greeley issued a report and recommendation that Plaintiffs' Complaint be dismissed because this Court lacks jurisdiction over Plaintiffs' claims under the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983).  Thus, Magistrate Judge Greeley recommended that Plaintiffs' claims be dismissed in their entirety.

As permitted by 28 U.S.C. § 636(b)(1), Plaintiffs have filed an Objection to the Report and Recommendation.  Having conducted a *de novo* review of the Report and Recommendation,

Plaintiffs' Objection, and the Complaint, the Court concludes that the Report and Recommendation should be adopted.

Plaintiffs' Objection is long, rambling, and largely incoherent. In sum, it is essentially Plaintiff Jeffery Burnett's written stream of consciousness. Despite its length, the Objection fails to wholly address the magistrate judge's conclusion that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. The Court concurs with the magistrate judge's assessment and concludes that it lacks jurisdiction over Plaintiffs' Complaint under the *Rooker-Feldman* doctrine.

Apart from the basis for dismissal set forth in the Report and Recommendation, the Court concludes that dismissal is also appropriate simply because Plaintiff fails to state a claim upon which relief can be granted. That is, like the Objection, the Complaint is rambling and disjointed and fails to set forth any cognizable claims. Finally, the Complaint is frivolous, at least in part, because it continues to advance claims that have previously been dismissed as frivolous. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation issued May 31, 2011 (docket no. 7) is **ADOPTED** as the Opinion of the Court, and Plaintiffs' Objection (docket no. 9) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for the reasons that it is frivolous and fails to state a claim upon which relief can be granted and because the Court lacks jurisdiction under the *Rooker-Feldman* doctrine.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For A Mediation Hearing (docket no. 8) is **DISMISSED AS MOOT**.

A separate judgment will enter.

This case is **concluded.**

Dated: July 18, 2011                                      /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE